IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KARLA M. COLON-BRACERO,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 12-1105 (PG)
(CRIMINAL 10-343 (PG))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I. PROCEDURAL HISTORY

Petitioner, formerly a uniformed member of the Police of Puerto Rico, was indicted on September 21, 2012 in three counts of a 32-count indictment in which eight other defendants were also indicted in a reverse sting operation.    The defendants were all uniformed members of either the Police of Puerto Rico or the Department of Corrections for the Commonwealth of Puerto Rico[1].

---

[1] The involvement of police officers in reverse sting drug conspiracies does not raise eyebrows in this district. See United States v. Diaz-Castro, 752 F.3d 101, 104-05 (1st Cir. 2014) ("Operation Guard Shack"); e.g. United States v. Delgado-Marrero, 744 F.3d 167, 172 n. 1 (1st Cir. 2014) ("Operation Guard Shack" which yielded 26 indictments against 89 law enforcement officers in a 26-month period); United States v. Bristol-Martir, 570 F.3d 29 (1st Cir. 2009); United States v. Caraballo-Rodriguez, 480 F.3d 62 (1st Cir. 2007);  United States v. Sanchez-Berrios, 424 F.3d 65 (1st Cir. 2005); United States v. Serrano-Beauvaix, 400 F.3d 50 (1st Cir. 2005); United States v. Flecha-Maldonado, 373 F.3d 170 (1st Cir. 2004); also see United States v. Gonzalez-Perez, ___F.3d___, 2015 WL 300967 at *1 (1st Cir. January 23, 2015); Camacho-Morales v. Caldero, ___F. Supp. 3d____, 2014 WL 7252090 at *2 (D.P.R. Dec. 18, 2014) ("Operation Guard Shack").

CIVIL NO. 12-1105 (PG)                    2
(CRIMINAL NO. 10-0343 (PG))

Petitioner was charged in Count Twenty-Five in that beginning on or about May 18, 2010 and up and including May 25, 2010, in the District of Puerto Rico and elsewhere within the jurisdiction of this court, she and Xavier Alvarez-Perez did knowingly and intentionally combine, conspire, confederate, and agree together with each other and others, both known and unknown to the Grand Jury, to commit an offense against the United States, that is, to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii)(II) and 846. (Criminal No. 10-0343 (PG), Docket No. 3). Count Four of the indictment is the corresponding substantive charge under 18 U.S.C. § 2 and 21 U.S.C. § 841 (a)(1). Count Twenty-Six charges these two defendants with violating the corresponding aiding and abetting statute, 18 U.S.C. § 2 in that they aided and abetted each other in their attempt to possess with the intent to distribute cocaine on May 25, 2010. Count Twenty-Eight charges petitioner with a firearms offense committed the same date, that is with knowingly possessing a firearm in furtherance of a drug trafficking crime as defined in Title 18, U.S.C. § 924(c)(2), that is, a violation of Title 21, U.S.C. §§ 841(a)(1) and 846, involving a conspiracy and attempt to possess with intent to distribute five kilograms or more a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled

CIVIL NO. 12-1105 (PG)                    3
(CRIMINAL NO. 10-0343 (PG))

Substance, as charged in Counts Twenty-Five and Twenty-Six of the Indictment herein, an offense, either of which may be prosecuted in a court of the United States, all in violation of 18 U.S.C. § 924(c)(1)(A)[2].

Because of the particular circumstances of the case, all defendants were appointed counsel prior to the initial appearances.   All defendants were temporarily detained at their initial appearance on October 6, 2010 and all defendants were detained pending trial, including petitioner.  (Criminal No. 10-0343 (PG), Docket No. 40).  In the U.S. Magistrate Judge's Order of Detention, the following was noted:

> In addition to the evidence proffered as to the nature of the offense, the fact this defendant was a law enforcement [officer] at the time of the commission of the offense charged and the presumption of the charges, evidence of video recorded illegal activities shows, this defendant's participation in providing escort to the presumed controlled substances and the payment of monies to this defendant for the security provided to the presumed narcotic dealers, while defendant was armed.  For this reason, defendant faces the additional charge of firearms in furtherance of a drug trafficking activity in violation of Title 18, United States Code, Section 924(c). There was strong evidence in support of government's request for detention for being a danger to the community upon participating in a drug trafficking conspiracy and the firearm charge in furtherance of a drug trafficking offense.

---

[2]Policemen and women who are charged in this court with protecting drug transactions are typically charged in this fashion.  See e.g. United States v. Delgado-Marrero, 744 F.3d at 175;  United States v. Diaz-Diaz, 433 F.3d 128, 131-32 (1st Cir. 2005); United States v. Sanchez-Berrios, 424 F.3d at 72; Reyes-Velazquez v. United States, 2012 WL 4483679 (D.P.R.  March 5, 2012); cf. United States v. Cortes-Caban, 691 F.3d 1 (1st Cir. 2012).

CIVIL NO. 12-1105 (PG)                        4
(CRIMINAL NO. 10-0343 (PG))

(Criminal No. 10-0343 (PG), Docket No. 40 at 2-3).

The findings as to the other defendants were similar, almost identical. (Criminal No. 10-0343 (PG), Docket Nos. 26, 34-39).   After initially pleading not guilty to the charges on November 9, 2010,   petitioner moved to change her plea on March 24, 2011. (Criminal No. 10-0343 (PG), Docket No. 166).  Indeed, all defendants did likewise before and after that date.   Petitioner entered a guilty plea on April 29, 2011 as to two of three counts in which she was charged. (Criminal No. 10-0343 (PG), Docket No. 192).  The terms of the agreement called for holding petitioner accountable for at least 400 grams but less than 500 grams of cocaine, thus establishing a base offense level of 24, pursuant to U. S. S. G. § 2D1.1, and a 3-level reduction for acceptance of responsibility, pursuant to U. S. S. G. § 3E1.1(a). (Criminal No. 10-0343 (PG), Docket No. 193 at 5).  The parties agreed to a recommendation at the higher end of the applicable guideline, which was 37-46 months.  This would mean 106 months (46 months for Count 25 and 60 months for Count 28 to run consecutively to each other, assuming a Criminal History Category of I.   Count 28 relates to the indictment and petitioner's pleading guilty to "possess[ing] a firearm in furtherance of a drug trafficking crime".  (Criminal No. 10-343 (PG), Docket No. 193 at 2).

CIVIL NO. 12-1105 (PG)                5
(CRIMINAL NO. 10-0343 (PG))


    Petitioner was sentence on August 26, 2011 to TIME SERVED (just over 11 months) as to the narcotics offense, to run consecutively to the 60 months provided for in the firearms offense.  (Criminal No. 10-0343 (PG), Docket Nos. 264, 267).  The remaining count was then dismissed, as provided for in the plea agreement.    No post-sentence motions followed and petitioner did not file a notice of appeal, either pro se or through court-appointed counsel.  The court found that the waiver of appeal clause in the plea agreement was effective based upon the sentence.

                II. MOTION TO VACATE, SET ASIDE OR VACATE SENTENCE

    This matter is before the court on petitioner Karla M. Colon-Bracero's  timely motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255, filed on February 16, 2012.  (Docket No. 1.)   Petitioner argues the following points in her initial filing: 1) while she pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime, she is innocent of that charge; 2) she did not understand the waiver of appeal stipulated in the plea agreement and her attorney, Luis A. Guzman Dupont,  failed to communicate to her that she had waived her right to appeal; 3) counsel was very coercive in making her sign the plea agreement without communicating the offense charged or the waiver provision; 4) because her attorney failed to review the evidence in favor of her defense, she was coerced, and mentally threatened to accept the plea bargain.

CIVIL NO. 12-1105 (PG)                    6
(CRIMINAL NO. 10-0343 (PG))

She did not understand the nature of the firearms charge.  Petitioner also argues that she is actually innocent of the firearms offense as charged.[3]   She states that her attorney coerced her into pleading guilty, and said that her actual innocence did not matter.

In the accompanying memorandum of law, petitioner states that she pleaded guilty to possession of a firearm while the judgment and commitment state that she was sentenced for "Carrying Firearms during and in relation to a drug trafficking crime."  She proceeds to go into a discussion of the difference between carrying and possessing a firearm, and the requirements of "in relation to".   Concluding her argument, she explains that she did not "carry, use or possess" a firearm "during" or "in furtherance of" a drug trafficking crime. (Docket No. 1-1 at 4).  She argues that the court cannot assume that since she was a law enforcement officer, she "carried", "used" or "possessed" her firearm during the relation of the drug crime.   Petitioner stresses that the court committed plain error   when accepting her plea to the firearms offense.   Within her fairly

_____

[3]in Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604 (1998), the Supreme Court explained that, '[t]o establish actual innocence, petitioner must demonstrate that, in light of all of the evidence, it is more likely than not that no reasonable juror would have convicted [her]'." Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000).  Petitioner must show that  the evidence against her was weak, and so weak that no reasonable juror would have convicted her. Id. citing Dejan v. United States, 208 F.3d 682, 686 (8th Cir. 2000). See Ramirez-Burgos v. United States, 990 F. Supp. 2d 108, 121 n. 11 (D.P.R. 2013).

CIVIL NO. 12-1105 (PG)                    7
(CRIMINAL NO. 10-0343 (PG))

straightforward argument, she asks the court to apply a two-level enhancement for possession of a firearm, U. S. S. G. § 2D1.1(b)(1), in the narcotics count, but remove the conviction for 18 U.S.C. 924(c). (Docket No. 1-1 at 5-6). She explains how there is a lack of evidence to support the charge of her carrying a firearm, particularly if one looks at the video of her during the transaction.

Petitioner argues that her plea was not knowing and voluntary, that she did not understand the law in relation to 18 U.S.C. § 924(c), and, again, that her attorney coerced her into pleading guilty.

Petitioner also accuses the court of committing error since she was not asked if she had been instructed to answer untruthfully. (Docket No. 1-1 at 10). She recites a litany of errors committed by her attorney and concludes by assuring the court that she has shown her actual innocence of the firearms offense to the court. Ultimately petitioner requests removal of the firearms conviction and for the court to properly enhance the narcotics sentence of time served according to U. S. S. G. § 2D1.1(b)(1)[4].

---

[4]The enhancing application of U. S. S. G. § 2D1.1(b)(1) "is appropriate 'whenever a codefendant's possession of a firearm in furtherance of a joint criminal activity was reasonably foreseeable to the defendant.'" United States v. Mena-Robles, 4 F.3d 1026, 1036 (1st Cir. 1993) (quoting United States v. Bianco, 922 F.2d 910, 912 (1st Cr. 1991)." United States v. Trinidad-Acosta, 773 F.3d 298, 320 (1st Cir. 2014); cf. United States v. Cruz-Rodriguez, 541 F.3d 19, 33-34 (1st Cir. 2008).

CIVIL NO. 12-1105 (PG)                          8
(CRIMINAL NO. 10-0343 (PG))

On June 14, 2012, in response to the section 2255 motion, the government stresses the difference between the statement of petitioner at the change of plea hearing and the unexplainable actual innocence argument which flies in the face of the statement of facts appended to the plea agreement and what is reflected in the video.   The government refers to the transcript of the proceedings which reflects the core questioning of a Rule 11 proceeding, quoting petitioner's own words where she denies being threatened.   The government stresses that petitioner agreed to facts which she now denies. Even the waiver of appeal was explained to her during the plea colloquy and petitioner understood the same. The government concludes by emphasizing that petitioner is not entitled to an evidentiary hearing based upon her own contradictory statements.  (Docket No. 6).

Petitioner filed a reply to the response on July 12, 2012. (Docket No. 7). She raises nothing new and repeats her previous arguments, perhaps in more concise terms.  Petitioner does charge the government with coercing her into pleading guilty to the weapons offense by the use of hearsay. (Docket No. 7 at 2). She notes that a reasonable jurist would not have convicted her of possession of or carrying a firearm with the evidence presented to the court, and concludes that her motions state a debatable claim of denial of a constitutional right.

CIVIL NO. 12-1105 (PG)                    9
(CRIMINAL NO. 10-0343 (PG))

On July 29, 2013,  petitioner filed a supplemental motion under 28 U.S.C. § 2255 (Addendum).  Here she relies on the then recently announced case of Alleyne v. United States, 570 U.S.___, 133 S. Ct. 2151 (2013)  which has no bearing in this case and would not have any bearing on the case if it were on direct appeal since petitioner was sentenced to the default minimum of five years imprisonment for 18 U.S.C. § 924 (c).  Rather, petitioner seeks an exchange of dismissal of the firearms charge for a firearms  enhancement to the drug charge[5]. Alleyne, *supra*, held that "A fact that increases a sentencing floor, thus, forms an essential ingredient of the offense.... [T]he core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime, each element of which must be submitted to the jury."  United States v. Delgado-Marrero, 744 F.3d at 186 (quoting Alleyne v. United States, 570 U.S.___, 133 S. Ct. at 2161.  The   government did not reply to this supplemental motion, and petitioner subsequently argued that there being no opposition, relief should be granted. (Docket No. 10).  The court disagreed.

---

[5]Alleyne v. United States, 570 U.S.___, 133 S. Ct. 2151, does not apply retroactively to cases on collateral review. Cf. United States v, Reyes, 755 F.3d 210, 212 (3rd Cir. 2014); United States v. Winkelman, 746 F.3d 134, 136 (3rd Cir. 2014); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); United States v. Castillo, 559 Fed. Appx. 701, 2014 WL 1244723 at *1 (10th Cir. March 27, 2014), citing  In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013); cf. United States v. Delgado-Marrero, 744 F.3d at 185.

CIVIL NO. 12-1105 (PG)                    10
(CRIMINAL NO. 10-0343 (PG))


Because petitioner appears pro se, her pleadings are considered more liberally, however inartfully or opaquely pleaded,  than those penned and filed by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007); Proverb v. O'Mara, 2009 WL 368617 (D.N.H. Feb. 13, 2009). Notwithstanding such license, petitioner's pro se status does not excuse her from complying with both procedural and substantive law.  See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997)[6].

Having considered petitioner's arguments and the government's response, and for the reasons set forth below, I recommend that petitioner Colon-Bracero's motion to vacate, set aside, or correct sentence be DENIED without evidentiary hearing.

III.  DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution
> or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the

---

[6]As an aside, I note the routine violation, even by convicted police officers, of the local rule which requires leave of court to file a reply brief. Local Civil Rule 7 (c) (Reply Memorandum). The repetition in petitioner's reply proves that the exception makes the rule. Petitioner also violated a local rule as to form, the purpose of which is simply  to make the briefs easier to read for the judges and law clerks of the court. Local Civil Rule 7 (d) (Form and Length of Motions).

CIVIL NO. 12-1105 (PG)                    11
(CRIMINAL NO. 10-0343 (PG))

> sentence was in excess of the maximum authorized by
> law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27, 82 S. Ct. 468

(1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).

It is well settled that the Sixth Amendment right to counsel guarantees

effective counsel.  See Strickland v. Washington, 466 U.S. 668, 686-87, 104 S.

Ct. 2052 (1984); United States v. Ortiz, 146 F.3d 25, 27 (1st Cir. 1998).

Nevertheless, petitioner bears a "very heavy burden" in her attempt to have her

sentence vacated (or modified) premised on an ineffective assistance of counsel

claim.  See Argencourt v. United States, 78 F.3d 14, 16 (1st Cir. 1996); Lema v.

United States, 987 F.2d 48, 51 (1st Cir. 1993).   This is particularly true in this

circuit where a lawyer's performance is deficient under Strickland ". . .only where,

given the facts known at the time, counsel's choice was so patently unreasonable

that no competent attorney would have made it." United States v. Rodriguez, 675

F.3d 48, 56 (1st Cir. 2012), quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir.

2010), which in turn quotes Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006).

The United States Supreme Court has developed a two-pronged test to

determine whether a criminal defendant was denied his or her constitutionally

guaranteed effective assistance of counsel.  See Strickland v. Washington, 466

U.S. at 687, 104 S. Ct. 2052.  Pursuant to this test, petitioner Colon-Bracero must

CIVIL NO. 12-1105 (PG)                    12
(CRIMINAL NO. 10-0343 (PG))

first establish that her attorney Luis A. Guzman-Dupont in the criminal proceedings was deficient in that the quality of his legal representation fell below an objective standard of reasonableness.  See id. at 688, 104 S. Ct. 2052; Rosenthal v. O'Brien, 713 F.3d 676, 685 (1st Cir. 2013); Encarnacion-Montero v. United States, ____F. Supp. 2d____, 2014 WL 3818195 at *3 (D.P.R. July 31, 2014).  In order to satisfy the first-prong of the aforementioned test, petitioner "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by her trial attorney] were outside the wide range of professionally competent assistance.'" Tejeda v. Dubois, 142 F.3d 18, 22 (1st Cir. 1998) (citing Strickland v. Washington, 466 U.S. at 690, 104 S. Ct. 2052). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20,  23 (1st Cir. 1996) (citing Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. 2052).   Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight."  Argencourt v. United States, 78 F.3d at 16 (citing, Strickland v. Washington, 466 U.S. at 689, 104 S. Ct. 2052); see also Burger v. Kemp, 483 U.S. 776, 789, 107 S. Ct. 3114 (1987).

        The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance [of counsel] claim[,] also presents a high hurdle. 'An error by counsel,

CIVIL NO. 12-1105 (PG)                    13
(CRIMINAL NO. 10-0343 (PG))


even if professionally unreasonable, does not warrant setting aside the judgment

of a criminal proceeding if the error had no effect on the judgment.'" Argencourt

v. United States, 78 F.3d at 16 (citing Strickland v. Washington, 466 U.S. at 691,

104 S. Ct. 2052); Campuzano v. United States, 976 F. Supp. 2d 89, 99 (D.P.R.

2013).   Thus, petitioner must affirmatively "prove that there is a reasonable

probability that, but for [her] counsel's errors, the result of the proceeding would

have been different." Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994)

(citing Strickland v. Washington, 466 U.S. at 687, 104 S. Ct. 2052); Encarnacion-

Montero v. United States, ___F. Supp. 2d___, 2014 WL 3818195 at *3. That is,

if petitioner succeeds in showing deficiencies in her legal representation, then she

must conclusively establish that said deficiencies operated a real prejudice against

her in the criminal proceedings.  See Strickland v. Washington, 466 U.S. at 694,

104 S. Ct. 2052.

There is no doubt that the cited two-part test also applies to representation

outside of the trial setting, which would include sentence and appeal.  See Hill v.

Lockhart, 474 U.S. 52, 57, 106 S. Ct. 366 (1985); Bonneau v. United States, 961

F.2d 17, 20-22 (1st Cir. 1992); United States v. Tajeddini, 945 F.2d at 468-69,

abrogated on other grounds by Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct.

1029 (2000).   In Hill v. Lockhart, supra, the Supreme Court applied

Strickland's  two-part test to ineffective assistance of counsel claims in the

CIVIL NO. 12-1105 (PG)                    14
(CRIMINAL NO. 10-0343 (PG))


guilty plea context.  Hill v. Lockhart, 474 U.S. 52, 58, 106 S. Ct. 366 (1985)

("We hold, therefore, that the two-part Strickland v. Washington test applies to

challenges to guilty pleas based on ineffective assistance of counsel."); Torres-

Santiago v. United States, 865 F. Supp. 2d 168, 178 (D.P.R. 2012).  As the Hill

Court explained, "[i]n the context of guilty pleas, the first half of the Strickland

v. Washington test is nothing more than a restatement of the standard of

attorney competence already set forth in [other cases].  The second, or

'prejudice,' requirement, on the other hand, focuses on whether counsel's

constitutionally ineffective performance affected the outcome of the plea

process."  Hill v. Lockhart, 474 U.S. at 58-59, 106 S. Ct. 366.  Accordingly,

petitioner would have to show that there is "a reasonable probability that, but

for counsel's errors, he would not have pleaded guilty and would have insisted

on going to trial."  Id. at 59, 106 S. Ct. 366; Toro-Mendez v. United States,

976 F. Supp. 2d 79, 86 (D.P.R. 2013).

    Assuming  that counsel's representation fell below an objective standard

of reasonableness, petitioner would still have to prove that this resulted in

prejudice to her case.  See Owens v. United States, 483 F.3d 48, 63 (1st Cir.

2007) (quoting Strickland v. Washington, 466 U.S. at 687-88, 104 S. Ct.

2052).  For our purposes, it makes no difference in which order the two-part

CIVIL NO. 12-1105 (PG)                    15
(CRIMINAL NO. 10-0343 (PG))


test is applied.  See United States v. Carrigan, 724 F. 3d 29 (1st Cir. 2013);

Turner v. United States, 699 F.3d 578, 584 (1st Cir. 2012).

Petitioner strenuously seeks an evidentiary hearing.  However, it has

been held that an evidentiary hearing is not necessary if the § 2255 motion is

inadequate on its face or if, even though facially adequate, "is conclusively

refuted as to the alleged facts by the files and records of the case." United

States v. McGill, 11 F.3d 223, 226 (1st Cir. 1993) (quoting Moran v. Hogan, 494

F.2d 1220, 1222 (1st Cir. 1974)). See Moreno-Morales v. United States, 334

F.3d 140, 145 (1st Cir. 2003).  "In other words, a '§ 2255 motion may be

denied without a hearing as to those allegations which, if accepted as true,

entitle the movant to no relief, or which need not be accepted as true because

they state conclusions instead of facts, contradict the record, or are 'inherently

incredible.'" United States v. McGill, 11 F.3d at 226 (quoting Shraiar v. United

States, 736 F.2d 817, 818 (1st Cir. 1984)); Berroa-Santana v. United States,

939 F. Supp. 2d 109, 116 (D.P.R. 2013).

With this synopsis as background, it is clear that the court addressed the

traditional Rule 11 core concerns at the change of plea hearing.  That is, the

court instructed the petitioner, a former police woman for the Commonwealth

of Puerto Rico,  as to the nature of the charges, the consequences of her

pleading guilty, including the possible sentence that petitioner would be facing,

CIVIL NO. 12-1105 (PG)                    16
(CRIMINAL NO. 10-0343 (PG))

and the absence of coercion, that is, the voluntariness of the guilty plea.  See United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995); Nieves-Ramos v. United States, 430 F. Supp.2d 38, 43-44 (D.P.R. 2006).  (Criminal No. 10-0343 (PG), Docket No. 291 at 13-14).  She stated she was satisfied with the services of her attorney, Luis A. Guzman Dupont, Esq.  (Criminal No. 10-0343 (PG), Docket No. 291 at 3, 12).   The court made certain that petitioner understood the consequences of the guilty plea, assuring that she had discussed the consequences with her attorney, and that she agreed with the plea agreement terms, one of which terms was that the agreement was not binding on the court.  Petitioner assured the court that no threats or promises had been made to her for her to plea guilty.  A factual summary of the evidence was provided and petitioner agreed to the same.  (Criminal No. 10-0343 (PG), Docket No. 291 at 9-10, 12).

        "When a criminal defendant has solemnly admitted in open court that [s]he is in fact guilty of the offense with which [s]he is charged, [s]he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Lefkowitz v. Newsome, 420 U.S. 283, 288, 95 S. Ct. 886 (1975) (quoting Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602 (1973)); see Perocier-Morales v. United States, 887 F. Supp. 2d 399, 417 (D.P.R. 2012);  Nieves-Ramos v.

CIVIL NO. 12-1105 (PG)                    17
(CRIMINAL NO. 10-0343 (PG))


<u>United States</u>, 430 F. Supp. 2d at 43; <u>Caraballo Terán v. United States</u>, 975 F.

Supp. 129, 134 (D.P.R. 1997).

There was a waiver of appeal clause in the plea agreement, but since the

sentence was so favorable to the defendant and more than complied with the

plea agreement terms in her favor, the court did not explain to petitioner that

she could appeal the sentence if she felt that her plea was unlawful or

involuntary, or if there was some other defect in the proceeding that was not

waived by the plea agreement.  Rather the court informed petitioner that the

waiver was effective.  (Criminal No. 10-343 (PG), Docket No. 309 at 10).   No

appeal followed.  No motion for reconsideration was filed.  No motion to vacate

the plea was filed.  Rather, almost six months later, petitioner moved to vacate

the sentence and for dismissal of the firearms charge in this petition, this in

exchange for a two-level firearms enhancement.

IV. PROCEDURAL DEFAULT

With a summary of the plea colloquy as background, I address the

matter of procedural default.

> A significant bar on habeas corpus relief is imposed when a prisoner
> did not raise claims at trial or on direct review.  In such cases, a
> court may hear those claims for the first time on habeas corpus
> review only if the petitioner has "cause" for having procedurally
> defaulted his claims, and if the petitioner suffered "actual prejudice"
> from the error of which [s]he complains.

CIVIL NO. 12-1105 (PG)                    18
(CRIMINAL NO. 10-0343 (PG))


United States v. Sampson, 820 F. Supp.2d 202, 220 (D.Mass. 2011),

citing Owens v. United States, 483 F.3d at 56, also citing Oakes v. United

States, 400 F.3d 92, 95 (1st Cir. 2005) ("If a federal habeas petitioner

challenges his conviction or sentence on a ground that he did not advance on

direct appeal, his claim is deemed procedurally defaulted.")   To obtain

collateral relief in this case, petitioner must show cause excusing his or her

double procedural default and actual prejudice resulting from the errors he or

she is complaining about.   See United States v. Frady, 456 U.S. 152, 167-68,

102 S. Ct. 1584, 1594 (1982).   Ineffective assistance of counsel can clearly

supply the cause element of the cause and prejudice standard.   See Murray v.

Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639 (1986), cited in Bucci v. United

States, 662 F.3d 18, 29 (1st. Cir. 2011).   However, petitioner has failed to

show that defense counsel's representation was constitutionally ineffective

under the Strickland two-part inquiry in terms of providing a reason why this

issue is being presented here for the first time.   Thus, petitioner's argument

now suffers from double procedural default, that is, failure to initially attack the

validity of the basis for conviction by not moving to withdraw his guilty plea at

the trial level, and failure to file a timely notice of appeal after sentencing.   See

United States v. Frady, 456 U.S. at 167-68, 102 S. Ct. at 1594.

CIVIL NO. 12-1105 (PG)                    19
(CRIMINAL NO. 10-0343 (PG))

It is hornbook law that ". . .the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.  Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" Bousely v. United States, 523 U.S. at 621, 118 S. Ct. 1604; see Casas v. United States, 576 F. Supp. 2d at 323.  See Ruperto v. United States, 2013 WL 5797373 at *3 (D.P.R. October 28, 2013).

> In any event, it is well settled that a court "will not permit a defendant to turn h[er] back on h[er] own representations to the court merely because it would suit h[er] convenience to do so." United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir. 1994) (quoting United States v. Pellerito, 878 F.2d 1535, 1539 (1st Cir. 1989)).  "[I]t is the policy of the law to hold litigants to their assurances at a plea colloquy."  Torres-Quiles v. United States, 379 F. Supp. 2d 241, 248-49 (D.P.R. 2005) (citing United States v. Marrero-Rivera, 124 F.3d 342, 349 (1st Cir. 1997)).  Thus, the petitioner "should not be heard to controvert h[er] Rule 11 statements . . . unless [s]he [has] offer[ed] a valid reason why [s]he should be permitted to depart from the apparent truth of h[er] earlier statement[s]."  United States v. Butt, 731 F.2d 75, 80 (1st Cir. 1984). . . . In relation to a motion to vacate sentence, ordinarily the court would have to "take petitioner's factual allegations 'as true,'" however it will not have to do so when like in this case "'they are contradicted by the record . . . and to the extent that they are merely conclusions rather than statements of fact.'"  Otero-Rivera v. United States, 494 F.2d 900, 902 (1st Cir. 1974) (quoting Domenica v. United States, 292 F.2d 483, 484 (1st Cir. 1961)).

> Perocier-Morales v. United States, 887 F. Supp.2d at 417-18.

The argument that petitioner was forced to plea guilty by his attorney or that the plea was not factually supported is at best conclusory and contrary to

CIVIL NO. 12-1105 (PG)                    20
(CRIMINAL NO. 10-0343 (PG))

the record of the change of plea.  Indeed, considering the colloquy with the court, petitioner could have opted to proceed to trial which was ultimately her right had she not chosen to enter a guilty plea.  Petitioner appeared very satisfied with his attorney.  But if she was not, she had four months between pleading guilty and being sentenced to change her mind because she had no idea what she was charged with and did not understanding the firearms charge.

Finally, petitioner received a favorable sentence if one considers the mandatory statutory minimum she originally faced if she proceeded to trial. Indeed, she received the most favorable sentence of all of the law enforcement officers disgraced by the charges.

### V. ACTUAL INNOCENCE

Petitioner may breach the high redoubt of procedural default by demonstrating her actual factual innocence.  Schlup v. Delo, 513 U.S. 298, 327-28, 115 S. Ct. 851 (1995), cited in Fernandez-Malave v. United States, 502 F. Supp. 2d at 239. See Pinillos v. United States, 990 F. Supp. 2d 83, 100 (D.P.R. 2013).   That is, petitioner can avoid the procedural bar by demonstrating that it is "more likely than not that no reasonable juror would have convicted h[er] in the light of new and reliable evidence of actual innocence." Schlup v. Delo, 513 U.S. at 327, 115 S. Ct. 851, cited in Parrilla-Tirado v. United States, 445 F. Supp 2d 199, 201 (D.P.R. 2006).   Again, in

CIVIL NO. 12-1105 (PG)                    21
(CRIMINAL NO. 10-0343 (PG))


<u>Bousley v. United States</u>, 523 U.S. at 623, 118 S. Ct. 1604, the Supreme Court

explained that, '[t]o establish actual innocence, petitioner must demonstrate

that, in light of all of the evidence, it is more likely than not that no reasonable

juror would have convicted her]'."  <u>Lorentsen v. Hood</u>, 223 F.3d at 954.   <u>See</u>

<u>Rosa-Carino v. United States</u>, 2015 WL 274165 at *10 (D.P.R. 2015).

Petitioner must demonstrate that she is actually innocent of knowingly

possessing a firearm in furtherance of a drug trafficking crime as defined in 18

U.S.C. § 924(c)(2),  involving a conspiracy and attempt to possess with intent

to distribute cocaine.  (Criminal No. 10-343 (PG), Docket No. 3 at 16-17).  In

this case, actual innocence means factual innocence, not mere legal

insufficiency.  The salient facts petitioner admitted at the plea hearing are as

follows:

> "...[O]n May 25, 2010, [8] Karla M. Colon-Bracero, the defendant
> herein, and co-defendant [1] Xavier Alvarez Perez agreed to
> provide "armed protection" for a drug transaction on behalf of a
> person who they both thought was a drug trafficker for a cash
> payment.
>      On May 25, 2010, [8] Karla M. Colon-Bracero and [1] Xavier
> Alvarez Perez arrived at an apartment in Isla Verde, Puerto Rico to
> provide armed protection for the seller in a drug transaction that
> involved a total of (9) kilograms of what they thought was cocaine.
> When the buyer arrived, [1] Xavier Alvarez Perez patted him down
> to make sure he was not armed or possessed any type of recording
> devices, while [8] Karla M. Colon Bracero stood guard watching.
> The buyer was then allowed into the apartment where the buyer
> was presented with a bag containing nine (9) kilograms of sham
> cocaine. [8] Karla M. Colon Bracero and [1] Xavier Alvarez Perez

CIVIL NO. 12-1105 (PG)                    22
(CRIMINAL NO. 10-0343 (PG))

> both guarded the seller while the buyer inspected the kilograms in
> their presence and constructive possession.
>      Both [8] Karla M. Colon Bracero and [1] Xavier Alvarez Perez
> were armed with firearms while this entire simulated drug
> transaction was taking place.

Criminal No. 10-343 (PG), Docket No. 193 at 12).

A relation of the facts which petitioner agreed to that would be proven at

trial by the United States, reveals that the evidence of guilt was strong to say

the least.  And the Supreme Court has emphasized that the actual innocence

exception is very narrow, reserved for truly exceptional cases. See Walker v.

Russo, 506 F.3d 19, 21 (1st Cir. 2007) (citing Murray v. Carrier, 477 U.S. 478,

496 106 S. Ct. 2639 (1986); Rodriguez v. Martinez, 9354 F. Supp. 2d 389,

396-97 (D.P.R. 2013).  This is not an exceptional case.  This is a garden-

variety reverse sting operation used for years in Puerto Rico and focused on

corrupt police officers who receive thousands of dollars for protecting "cocaine"

transactions.  Petitioner received her $2,000 after her services were no longer

needed. That is also agreed to in the facts.

Petitioner now emphasizes that she did not "carry, use or possess" a

firearm "during" or "in furtherance of" a drug trafficking crime. (Docket No. 1-1

at 4).   Again, she stresses that the court cannot assume that since she was a

police woman, she "carried", "used" or "possessed" her firearm during the

relation of the drug crime.   But the court did not assume anything. The court

CIVIL NO. 12-1105 (PG)                23
(CRIMINAL NO. 10-0343 (PG))

did not create the stipulated facts, nor the charging document.  That the

Judgment may note that the nature of the offense is "Carrying firearms", a

term not tracking the statutory language, is a triumph of form over substance.

(Criminal No. 10-343 (PG), Docket No. 267).  The stipulated facts are prefixed

by a recitation of the pertinent part of the indictment initialed by petitioner.

(Criminal No. 10-343 (PG), Docket No. 193 at 11).  An  experienced police

woman with some college education agreed that this would be the evidence

presented at trial by the prosecution in order to prove her guilt beyond a

reasonable doubt.  And the other law enforcement officers who pleaded guilty

followed suit as well, in this case and others.

Petitioner was told by the court at the change of plea hearing, which was

held with a co-defendant:

> "Each one of you signed [the stipulation of facts] and by
> signing it you agree and accept that the facts are true and accurate
> in every respect and if this case had gone to trial with the facts the
> government would be able to prove your guilt beyond a reasonable
> doubt. Do [...] you agree with that?
> Defendant Colon-Bracero: Yes, sir.

(Criminal No. 10-343 (PG), Docket No. 291 at 12).

A guilty plea serves as a stipulation that no proof by the prosecution is

further needed, since it supplies both evidence and verdict, thus ending the

controversy. Boykin v. Alabama, 395 U.S. 238, 242 n. 4, 89 S. Ct. 1709

CIVIL NO. 12-1105 (PG)                    24
(CRIMINAL NO. 10-0343 (PG))


(1969). <u>See Perez v. United States</u>, 2007 WL 1830510 at *5 (D.P.R. June 25,

2007).  The guilty plea is an admission that she committed the crime charged

against her.  <u>United States v. Broce</u>, 488 U.S. 563, 570, 109 S. Ct. 757

(1989), cited in <u>United States v. Correa-Manso</u>, 2006 WL 1514364 at *3

(D.P.R. May 30, 2006).  And the court was justified in relying on petitioner's

statements that she had knowledge of the charges she was pleading guilty to

because she was being represented by an experienced member of the bar of

this court but also because she had been a police woman for 7 or 8 years and

had been attending college when arrested.  Her rote statement that her

attorney coerced her is too ethereal to be given any weight and her recently

chosen ignorance of the charges and consequences of her plea is equally

incredible, especially after her acts of contrition before the court and a

courtroom full of her family and friends.  That her attorney might have

persuaded her that pleading guilty was in her best interest, or that he strongly

urged her to plead guilty, does not invalidate the plea due to lack of

voluntariness, particularly under the circumstances here where easily over 100

police officers have entered pleas to practically identical charges.  <u>See e.g.</u>

<u>United States v. Suarez-Colon</u>, 854 F. Supp. 2d 187, 190 (D.P.R. 2012)

(citations omitted).

CIVIL NO. 12-1105 (PG)                    25
(CRIMINAL NO. 10-0343 (PG))

VI. CONCLUSION

I have noted that habeas corpus is an extraordinary remedy and is granted sparingly.  Direct review, something petitioner chose to ignore, is more defendant-friendly than post-judgment review. United States v. George, 676 F.3d 249, 258 (1st Cir. 2012), citing United States v. Frady, 456 US at 165-66, 102 S. Ct. at 1593.  Thus it is in this case.  See Ellis v. United States, 313 F.3d 636, 644-45 (1st Cir. 2002).  This case does not invite an extraordinary remedy.  Indeed, although I have not discussed the matter of development of the argument, the degree of repetition of the same argument of coercion and giving weight to quoted words and phrases when faced with her adopted statement, combined with the above average knowledge of criminal law which may be attributed to a law enforcement officer all point to the lack of merit in the argument.  Petitioner entered into an agreement with the government. The government complied and the court tempered justice with mercy.

In view of the above, I find that petitioner Karla M. Colon-Bracero has failed to establish that her counsel's representation fell below an objective standard of reasonableness.  See Strickland v. Washington, 466 U.S. at 686-87, 104 S. Ct. 2052 ; United States v. Downs-Moses, 329 F.3d 253, 265 (1st Cir. 2003).  Furthermore, even assuming that  petitioner has succeeded in showing a deficiency in her legal representation, which she has failed to do,

CIVIL NO. 12-1105 (PG)                    26
(CRIMINAL NO. 10-0343 (PG))

she is unable to establish that any deficiency resulted in a prejudice against her

in the criminal proceedings.  See Owens v. United States, 483 F.3d at 63

(quoting Strickland v. Washington, 466 U.S. at 687-88, 104 S. Ct. 2052).   The

conviction rate for corrupt police officers in this court is as high as the general

conviction rate of 95%+.  And just as 97% of all defendants nationwide,

petitioner decided to enter a guilty plea.  Lafler v. Cooper, 566 U.S. ____, 132

S. Ct. 1376, 1388 (2012).  Had petitioner been convicted after trial on the

indictment, she faced a minimum term of 15 years in prison.  Some police

officers in other cases are serving much longer sentences. For example,

Criminal No. 10-344 (PG), where three defendant proceeded to trial.  Also see

Criminal No. 10-342 (PG).  In absolute terms, petitioner suffered no prejudice.

In comparable terms, she received more leniency, based upon her recognized

contrition and remorse in part, than any of the co-defendants, to the point that

she is the only co-defendant not to have sought reduction of sentence under U.

S. S. G. Amendment 782.  It is therefore impossible to find that claimed errors

have produced "'a fundamental defect which inherently results in a complete

miscarriage of justice' or 'an omission inconsistent with the rudimentary

demands of fair procedure.'"  Knight v. United States, 37 F.3d at 772 (quoting

Hill v. United States, 368 U.S. at 428).  Petitioner received a better sentence

CIVIL NO. 12-1105 (PG)                    27
(CRIMINAL NO. 10-0343 (PG))

than the one negotiated.  <u>Cf. United States v. Nieves-Velez</u>, 28 F. Supp. 3d

131, 133-34 (D.P.R. 2014).

Accordingly, it is my recommendation that petitioner's  motion to vacate,

set aside or correct her sentence under 28 U.S.C. § 2255 (Docket No. 1) be

DENIED without evidentiary hearing.

Similarly I recommend that petitioner's supplemental motion filed on July

29, 2013 (Docket No. 9) be denied.

Based upon the above, I also recommend that no certificate of

appealability be issued,  because there is no substantial showing of the denial

of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2).

<u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S. Ct. 1029 (2003); <u>Slack v.

McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000); <u>Lassalle-Velazquez v.

United States</u>, 948 F. Supp. 2d 188, 193 (D.P.R. 2013).

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico,

any party who objects to this report and recommendation must file a written

objection thereto with the Clerk of this Court within fourteen (14) days of the

party's receipt of this report and recommendation.  The written objections

must specifically identify the portion of the recommendation, or report to which

objection is made and the basis for such objections.  Failure to comply with this

rule precludes further appellate review.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155

CIVIL NO. 12-1105 (PG)                          28
(CRIMINAL NO. 10-0343 (PG))


(1985); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992); <u>Paterson-</u>

<u>Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985 (1st Cir. 1988);

<u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987); <u>Scott</u>

<u>v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d

376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d

603 (1st Cir. 1980).

In San Juan Puerto Rico this 28th day of January, 2015.


                              S/ JUSTO ARENAS
                         United States Magistrate Judge